UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

ABIGALE S.,[1]

        **Plaintiff,**

  v.                                  Civil Action 2:23-cv-1031
                                         Judge Edmund A. Sargus, Jr.
                                         Magistrate Judge Chelsey M. Vascura

COMMISSIONER OF SOCIAL
SECURITY,

        **Defendant.**

### REPORT AND RECOMMENDATION

Plaintiff, Abigale S. ("Plaintiff"), brings this action under 42 U.S.C. § 405(g) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her application for Social Security Supplemental Security Income benefits. This matter is before the undersigned for a Report and Recommendation on Plaintiff's Statement of Errors (ECF No. 8), the Commissioner's Memorandum in Opposition (ECF No. 9), Plaintiff's Reply Memorandum (ECF No. 10), and the administrative record (ECF No. 7). For the reasons that follow, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability finding and **REMAND** this case pursuant to Sentence 4 of § 405(g) for further consideration.

          I.        BACKGROUND

Plaintiff protectively filed her application for Title XVI supplemental security income benefits on July 1, 2020, alleging that she became disabled on August 31, 2000. After Plaintiff's applications were denied at the initial and reconsideration levels, an administrative law judge

---

[1] Pursuant to this Court's General Order 22-01, any opinion, order, judgment, or other disposition in Social Security cases shall refer to plaintiffs by their first names and last initials.

("ALJ") held a telephone hearing on August 10, 2021, and a supplemental telephone hearing on November 18, 2021, and issued an unfavorable determination on December 17, 2021. That unfavorable determination became final on January 23, 2023, when the Appeals Council denied Plaintiff's request for review.

Plaintiff seeks judicial review of that final determination. Plaintiff asserts two contentions of error: (1) the ALJ failed to accommodate the state agency reviewers' opinion that Plaintiff be limited to "superficial" interactions with supervisors; and (2) the ALJ insufficiently explained her evaluation various medical opinions. Because Plaintiff's first contention of error warrants remand, the undersigned does not reach Plaintiff's other contention of error.

## II. THE ALJ'S DECISION

The ALJ issued her decision on December 17, 2021, finding that Plaintiff was not disabled within the meaning of the Social Security Act. (R. 13–25.) At step one of the sequential evaluation process,[2] the ALJ found that Plaintiff had not engaged in substantially gainful activity

---

[2] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. § 404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered, the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. § 404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

2

since the application date of July 1, 2020. (*Id.* at 15.) At step two, the ALJ found that Plaintiff had the severe impairments of Chiari 1 malformation; headaches/migraines; and psychological conditions variously described: unspecified learning disorder, history of fetal alcohol syndrome; bipolar disorder, major depressive disorder, other specified depressive disorder, unspecified anxiety disorder, attention deficit hyperactivity disorder with attention deficit disorder (ADHD/ADD), post-traumatic stress disorder (PTSD), and intermittent explosive disorder. (*Id.* at 15–16.) At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (*Id.* at 16–17.) At step four of the sequential process, the ALJ set forth Plaintiff's residual functional capacity ("RFC")[3] as follows:

> [T]he claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except She cannot climb ladders, ropes, or scaffolds. She cannot be exposed to machinery. She cannot perform any commercial driving. She can have occasional concentrated exposure to extreme cold, heat, humidity, and wetness as well as dust, fumes, odors, gases, and other pulmonary irritants. The claimant can understand, remember, and carry out simple, routine, and repetitive tasks but not at a production rate pace such as required working on an assembly line. She can make judgments on simple work and respond appropriately to usual work situations where duties are generally predictable and stable and handle occasional changes in a routine work setting that are explained in advance and implemented slowly. She cannot perform work that requires a daily production quota, i.e., piecework, but can perform goal-oriented work and meet end of day production requirements that includes remaining on task for 2-hour segments of time. She cannot engage in direct face to face service work with the general public but can be in the proximity of the general public and provide basic information that does not require persuasion, negotiation, or dealing with conflicts (i.e., location of items, pricing, or clearing off a table) on an occasional basis. She can have occasional interaction with supervisors and coworkers and with coworkers, she cannot engage in team or tandem tasks or engage in conflict resolution, persuasion, or negotiation. She cannot perform work that requires reading or mathematical computations as an integral component to the performance of the job task.

---

[3] A claimant's RFC is an assessment of "the most [she] can still do despite [her] limitations." 20 C.F.R. § 404.1545(a)(1).

3

(*Id.* at 17–18) The ALJ then relied on the hearing testimony of a Vocational Expert ("VE") at steps four and five to conclude that Plaintiff was unable to perform any past relevant work, but that there are other jobs existing in significant numbers in the national economy that an individual with Plaintiff's age, education, work experience, and residual functional capacity could perform, such as cafeteria attendant, cleaner/housekeeper, and office helper. (*Id.* at 23–25.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act during the relevant period. (*Id.* at 25.)

### III. STANDARD OF REVIEW

When reviewing a case under the Social Security Act, the Court "must affirm a decision by the Commissioner as long as it is supported by substantial evidence and was made pursuant to proper legal standards." *DeLong v. Comm'r of Soc. Sec.*, 748 F.3d 723, 726 (6th Cir. 2014) (cleaned up); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). While this standard "requires more than a mere scintilla of evidence, substantial evidence means only such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moats v. Comm'r of Soc. Sec.*, 42 F.4th 558, 561 (6th Cir. 2022) (cleaned up) (quoting *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019)).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "examine[ ] the record as a whole and take[ ] into account whatever in the record fairly detracts from the weight" of the Commissioner's decision. *Golden Living Ctr.-Frankfort v. Sec'y Of Health And Hum. Servs.*, 656 F.3d 421, 425 (6th Cir. 2011) (citing *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)).

Nevertheless, where "substantial evidence supports the Secretary's determination, it is conclusive, even if substantial evidence also supports the opposite conclusion." *Emard v.*

4

*Comm'r of Soc. Sec.*, 953 F.3d 844, 849 (6th Cir. 2020) (quoting *Crum v. Sullivan*, 921 F.2d 642, 644 (6th Cir. 1990)). Finally, even if the ALJ's decision meets the substantial evidence standard, "a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right." *Rabbers v. Comm'r Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

### IV. ANALYSIS

As previously noted, Plaintiff contends that remand is warranted because the ALJ failed to address the state agency reviewers' opinion that Plaintiff is limited to superficial interactions with supervisors. This contention of error has merit.

An ALJ's RFC determination must be "based on all the relevant evidence" in a claimant's case record. §§ 404.1545(a)(1); 416.945(a)(1). The governing regulations describe five different categories of evidence: (1) objective medical evidence, (2) medical opinions, (3) other medical evidence, (4) evidence from nonmedical sources, and (5) prior administrative medical findings. 20 C.F.R. §§ 404.1513(a)(1)–(5); 416.913(a)(1)–(5).

With regard to two of these categories—medical opinions and prior administrative findings—an ALJ is not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative finding(s) including those from [the claimant's] medical sources." 20 C.F.R. §§ 404.1520c(a); 416.920c(a). Instead, when evaluating the persuasiveness of medical opinions and prior administrative findings, an ALJ must consider the following factors: (1) "[s]upportability"; (2) "[c]onsistency"; (3) "[r]elationship with the claimant"; (4) "[s]pecialization"; and (5) other factors, such as "evidence showing a medical source has familiarity with the other evidence in the claim or an

understanding of [the SSA's] disability program's policies and evidentiary requirements." §§ 404.1520c(c)(1)–(5); 416.920c(c)(1)–(5).

Although there are five factors, supportability and consistency are the most important, and an ALJ must explain how he or she considered them. §§ 404.1520c(b)(2); 416.920c(b)(2). When considering supportability, the more relevant the objective medical evidence and supporting explanations presented by a medical source are to support a medical opinion or prior administrative finding, the more persuasive the ALJ should find the medical opinion. §§ 404.1520c(c)(1); 416.920c(c)(1). When considering consistency, the more consistent a medical opinion is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the ALJ should find the medical opinion or prior administrative finding. §§ 404.1520c(c)(2); 416.920c(c)(2). And although an ALJ may discuss how he or she evaluated the other factors, he or she is not generally required to do so. *Id*. Instead, when an ALJ "find[s] that two or more medical opinions . . . about the same issue are both equally well-supported . . . and consistent with the record . . . but are not exactly the same, [the ALJ must] articulate how [he or she] considered the other most persuasive factors . . . ." §§ 404.1520c(b)(3); 416.920c(b)(3).

Here, the ALJ provides the following discussion of the opinions the state-agency psychological reviewers:

> The State agency psychological consultants opined that the claimant could perform simple repetitive tasks with simple work-related decisions and without fast pace or high production where duties are routine and predictable (1A, 4A). The undersigned finds that this is of limited persuasiveness to the extent that it is consistent with and supported by the records at the hearing level that she had depression and anxiety and bipolar disorder (28F, 25F, 8F). The undersigned notes that superficial is vague and undefined and that the evidence supports the nature of limitations imposed in more specific language as defined in the residual functional capacity as well as limitations in reading or mathematical computations.

6

(R. 23.) Thus, the ALJ determined that some qualitative limitations on Plaintiff's interactions with others were necessary, but rejected the term "superficial" as "vague and undefined." The ALJ instead included alternative language limiting Plaintiffs' workplace interactions in the RFC. Specifically, the ALJ precluded Plaintiff from "direct face to face service work with the general public" but allowed for her being "in the proximity of the general public" and providing "basic information that does not require persuasion, negotiation, or dealing with conflicts (i.e., location of items, pricing, or clearing off a table) on an occasional basis." (R. 18.) The ALJ also limited Plaintiff's interactions with coworkers to "occasional" in frequency and stated that, "with coworkers, she cannot engage in team or tandem tasks or engage in conflict resolution, persuasion or negotiation." (*Id.*) As to supervisors, however, the only limitation the ALJ included in the RFC is that Plaintiff "can have occasional interaction with supervisors." (*Id.*)

The ALJ's failure to explain why she adopted the state agency reviewers' opinions as to qualitative limitations on interactions with the public and coworkers, but not with supervisors, requires remand. Notably, a limitation to "occasional" interactions with supervisors does not accommodate the reviewers' opinion limiting Plaintiff to "superficial" interactions. The terms "occasional" and "superficial" are not interchangeable. *See, e.g.*, *William H. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00219, 2022 WL 4591304, at *5 (S.D. Ohio Sept. 30, 2022) (explaining that occasional contact goes to the *quantity* of time spent with individuals, while superficial contact goes to the *quality* of interactions) (emphasis added); *Hummel v. Comm'r of Soc. Sec.*, No. 2:18-cv-00028, 2020 WL 13572215, at *4 (S.D. Ohio March 13, 2020) (same); *Lindsey v. Comm'r Soc. Sec.*, No. 2:18-cv-18, 2018 WL 6257432, at *4 (S.D. Ohio Nov. 30, 2018) (same).

For that reason, courts routinely find that limiting the *quantity* of time spent with an individual does not accommodate a limitation relating to the *quality* of the interactions—

7

including a limitation to "superficial" interaction. *See*, *e.g.*, *William H.,* 2022 WL 4591304, at *5 ("[T]he ALJ erred by purporting to accommodate the 'superficial' social contact restriction with a limitation to 'occasional' social contact."); *Jason M. v. Comm'r of Soc. Sec.*, No. 3:21-cv-00272, 2022 WL 4591305, at *4 (S.D. Ohio Aug. 17, 2022) ("The ALJ's conclusion that Plaintiff is capable of occasional interactions, without including a limitation that restricts him to superficial interactions, constitutes reversible error."); *Corey v. Comm'r Soc. Sec.*, No. 2:18-cv-1219, 2019 WL 3226945, at *4 (S.D. Ohio July 17, 2019) ("[R]eversal is warranted because the ALJ assigned significant weight to Dr. Marlow's opinions, but failed to include limitations for 'superficial' interactions."); *Clampit v. Comm'r of Soc. Sec.*, No. 3:20-cv-1014, 2021 WL 3174111, at *2 (N.D. Ohio July 26, 2021) ("By limiting [the plaintiff] to 'occasional interaction' (a quantitative limitation), the ALJ did not account for the state psychiatric consultants' opinion that [the plaintiff] was also limited to 'superficial' interaction (a qualitative limitation).").[4]

In this case, the ALJ clearly appreciated the distinction between quantitative and qualitative limitations. Indeed, the ALJ included both quantitative ("occasional") and qualitative (*e.g.*, precluding "persuasion" and "negotiation") limitations on Plaintiff's interactions with both

---

[4] The undersigned acknowledges that several cases in this District have found no error in an ALJ's limitation to "occasional" interaction when purporting to adopt an opinion requiring only "superficial" interaction. *See*, *e.g.*, *Stephen D. v. Comm'r of Soc. Sec.*, No. 1:21-CV-00746, 2023 WL 4991918, at *8–9 (S.D. Ohio Aug. 4, 2023) (collecting cases) (R. & R. pending). These cases rely primarily on an unreported decision by the United States Court of Appeals for the Sixth Circuit finding that a limitation to "occasional" interaction is not inconsistent with a limitation to "superficial" interaction. *Reeves v. Comm'r of Soc. Sec.*, 618 F. App'x 267, 275 (6th Cir. 2015). The undersigned agrees that there is no inconsistency between the two terms; the problem is rather that a limitation to one does not account for a limitation to the other. That is, the inconsistency is between a credited medical source's opinion to limit a claimant to superficial interactions and the absence of any RFC limitations to that effect.

the public and with coworkers.[5] Had the ALJ (erroneously) believed that the state agency reviewers' limitation to "superficial" contact was fully accommodated by a limitation to "occasional" interactions, her inclusion of qualitative limitations would have been redundant. Therefore, it is clear that the ALJ understood the state agency reviewers to have opined that Plaintiff required qualitative limitations on her workplace interactions. Significantly, the state agency reviewers' opinion was not limited to the public and coworkers. (*See* State Agency Reviewers' Assessments, R. 196–97, 208) ("claimant can relate adequately on a superficial basis"). Thus, the ALJ adopted the state agency reviewers' opinion as to the public and coworkers, but apparently rejected it as to supervisors—with no explanation as to why the ALJ drew that distinction.

The ALJ must provide an explanation for any alterations or departures from credited opinions so that this Court may conduct meaningful review to determine whether substantial evidence supports the ALJ's decision. *See Reynolds v. Comm'r of Soc. Sec.*, 424 F. App'x 411, 414 (6th Cir. 2011) (quoting 5 U.S.C. § 557(c)(3)(A)) (noting that an ALJ's decision "must include a discussion of 'findings and conclusions, and the reasons or basis therefor, on all the material issues of fact, law, or discretion presented on the record'"); *Stacey v. Comm'r of Soc. Sec.*, 451 F. App'x 517, 519 (6th Cir. 2011) (finding that "the ALJ's decision still must say enough to allow the appellate court to trace the path of his reasoning.") (cleaned up).

Because the ALJ failed to explain why she adopted certain of the state agency reviewers' qualitative limitations and not others, the undersigned concludes that remand is required. The undersigned therefore does not reach Plaintiff's remaining contention of error. On remand,

---

[5] Whether the ALJ's substituted qualitative limitations sufficiently accommodate the state agency reviewers' "superficial" limitation as to the public and coworkers is not before the Court and the undersigned expresses no opinion on that issue.

however, the Commissioner may, of course, consider Plaintiff's other contentions of error if appropriate.

## V.     DISPOSITION

Based on the foregoing, it is **RECOMMENDED** that the Court **REVERSE** the Commissioner's non-disability determination and **REMAND** this case pursuant to Sentence Four of §405(g).

## PROCEDURE ON OBJECTIONS

If any party objects to this Report and Recommendation, that party may, within fourteen (14) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A District Judge of this Court shall make a *de novo* determination of those portions of the Report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a District Judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the District Judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

/s/ *Chelsey M. Vascura*
CHELSEY M. VASCURA
UNITED STATES MAGISTRATE JUDGE